UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JAMES EDWARD CLARK,<br><br>      Movant,<br><br>  -against-<br><br>W.S. PLILER, WARDEN, FCI-OTISVILLE,<br><br>      Respondent. | 2:08-CR-0508-01 (RFK)<br><br>22-CV-3451 (LTS)<br><br>TRANSFER ORDER |

LAURA TAYLOR SWAIN, Chief United States District Judge:

  Movant James Edward Clark, who is currently incarcerated at FCI Otisville, brings this *pro se* "Petition For A Writ of Habeas Corpus Under 28 U.S.C. § 2241," challenging the constitutionality of his conviction and sentence entered in *United States v. Clark*, No. 08-CR-0508 (RFK) (E.D. Pa. Nov. 6, 2009). For the reasons set forth below, the Court transfers this action to the United States Court of Appeals for the Third Circuit.

  The proper jurisdictional basis for the relief Movant seeks is 28 U.S.C. § 2255, not 28 U.S.C. § 2241. Section 2255 "is generally the proper vehicle for a federal prisoner's challenge to his conviction and sentence." *Jiminian v. Nash*, 245 F.3d 144, 146–47 (2d Cir. 2001). Movant has already challenged this conviction and sentence by filing a § 2255 motion. That motion was denied on the merits by the United States District Court for the Eastern District of Pennsylvania, and the denial was affirmed on appeal by the United States Court of Appeals for the Third Circuit. *United States v. Clark*, 2015 WL 765984, No. 08-CR-0508 (E.D. Pa. Feb. 24, 2015), *aff'd*, 652 Fed. App'x 103 (June 15, 2016).

  An application is second or successive when a prior motion was adjudicated on the merits. *Corrao v. United States*, 152 F.3d 188, 191 (2d Cir. 1998). A court may recharacterize an application as a second or successive § 2255 motion without providing the movant an

opportunity to withdraw the application. *Jiminian*, 245 F.3d at 148. Because Movant has already filed a § 2255 motion that was decided on the merits, this application is recharacterized as a second or successive § 2255 motion.

Before a movant may file a second or successive § 2255 motion in a district court, authorization from the appropriate court of appeals is required. 28 U.S.C. § 2244(b)(3)(A); 28 U.S.C. § 2255(h). Movant has not indicated that he received authorization from a court of appeals to file this motion. Therefore, Movant must request permission to pursue this motion from the United States Court of Appeals for the Third Circuit. Because second or successive motions should be transferred to the appropriate court of appeals, *Liriano v. United States*, 95 F.3d 119, 122–23 (2d Cir. 1996) (*per curiam*), in the interest of justice, the Court transfers this motion to the Court of Appeals for the Third Circuit.

## CONCLUSION

In the interest of justice, the Court transfers this second or successive § 2255 motion to the United States Court of Appeals for the Third Circuit under 28 U.S.C. § 1631. *Accord Liriano v. United States*, 95 F.3d 119, 122–23 (2d Cir. 1996) (*per curiam*) (holding that second or successive § 2255 motions should be transferred to the appropriate court of appeals). This order closes this action.

Because the motion makes no substantial showing of a denial of a constitutional right, a certificate of appealability will not issue. *See* 28 U.S.C. § 2253.

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose

of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444–45 (1962) (holding that "a defendant's good faith in [a criminal] case [is] demonstrated when he seeks appellate review of any issue not frivolous").

SO ORDERED.

Dated:  April 29, 2022
        New York, New York

                                        /s/ Laura Taylor Swain
                                        LAURA TAYLOR SWAIN
                                        Chief United States District Judge